UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DANIEL OSTENKAMP,<br>Petitioner, | Civil Action No. 1:08-cv-902 |
| vs. | Spiegel, J.<br>Black, M.J. |
| TIM BRUNSMAN, WARDEN,<br>Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, a state prisoner, brings this case through counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1), respondent's return of writ and exhibits thereto (Doc. 10), and petitioner's traverse brief. (Doc. 13).

## I. PROCEDURAL HISTORY

This case involves the following facts, as summarized by the First District Ohio Court of Appeals:[1]

> Defendant-appellant Daniel Ostenkamp pleaded guilty to eight counts of rape of a minor, felonies of the first degree, and eleven counts of pandering sexually oriented material involving a juvenile, felonies of the second degree. Ostenkamp admitted to engaging in oral and anal sex with his nephew over a three-year period, beginning when the victim was twelve years old. Ostenkamp took photographs of the victim depicting sexual conduct and transmitted the images over the internet to another individual. The trial court sentenced Ostenkamp to ten years' incarceration on each count of rape, and to five years' incarceration on each count of pandering, with all terms to run consecutively. Following a sexual-offender-classification hearing, the trial court found Ostenkamp to be a sexual predator.

(Doc. 10, Exh. 8 at 1).

Petitioner, through counsel, timely appealed his sentence to the First District Ohio Court of Appeals. (Doc. 10, Exhs. 5-7). The Ohio Court of Appeals sustained petitioner's first and second

---

[1] The factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo*, 365 F.3d 487, 493-94

assignments of error to the extent they challenged his maximum sentences for rape and more than minimum sentences for pandering. The Court of Appeals modified petitioner's sentence to three years for each rape count and two years for each pandering count, with all terms to run consecutively for a total of 46 years. (Doc. 10, Exh. 8).

The State of Ohio appealed to the Supreme Court of Ohio, and petitioner cross-appealed. (Doc. 10, Exhs. 9-12). The Supreme Court of Ohio reversed the judgment of the Ohio Court of Appeals and remanded for resentencing under *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).

Prior to resentencing, petitioner, through counsel, moved the court to sentence him to a term authorized by the law in effect at the time of his offense or to permit him to withdraw his guilty plea. (Doc. 10, Exhs. 14, 15). The trial court denied the motion. (Doc. 10, Exh. 30, transcript).

On July 10, 2006, the trial court resentenced petitioner to same sentences originally imposed: ten years for each rape count and five years for each pandering count, all to be served consecutively, for a total of one hundred and thirty-five years. (Doc. 10, Exh. 16; Doc. 10, Exh. 30, transcript).

Through counsel, petitioner filed a timely appeal with the Ohio Court of Appeals alleging, *inter alia*, that he was improperly sentenced to non-minimum, maximum, and consecutive terms without the findings required by the pre-*Foster* statute in effect at the time he committed his offenses in violation of the Ex Post Facto and Due Process Clauses of the United States Constitution. (Doc. 10, Exhs. 17, 18). The Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 10, Exh. 20).

Petitioner's appeal to the Supreme Court of Ohio was dismissed as not involving any substantial constitutional question. (Doc. 10, Exhs. 21-24). The Supreme Court of the United States denied petitioner's petition for a writ of certiorari. (Doc. 10, Exh. 25).

Petitioner filed the instant petition for a writ of habeas corpus setting forth the following ground for relief:

> **GROUND ONE:** The remedy that the Ohio Supreme Court set forth in State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), violates the Ex Post Facto and Due Process Clauses of the United States Constitution.

(Doc. 1).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to adjudicate the constitutional issues, the AEDPA deferential standard of review set forth in section 2254(d) is inapplicable. *See Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Towns v. Smith*, 395 F.3d 251, 257 (6th Cir. 2005); *see also Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004) (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) ("Where as here, the state court did not assess the merits of a claim properly raised in a habeas petition, the deference due under AEDPA does not apply.")). Under these circumstances, the constitutional claim is reviewed *de novo* and the Court considers "the totality of the evidence-'both that adduced at trial, *and the evidence adduced in the habeas proceeding[s].*'" *Wiggins,* 539 U.S. at 536 (emphasis in the original) (quoting *Williams v. Taylor,* 529 U.S. 362, 397-98 (2000)). *Accord Clinkscale*, 375 F.3d at 436.

### III. GROUND ONE OF THE PETITION IS WITHOUT MERIT.

Ground One of the petition asserts that the sentences imposed on petitioner after resentencing violate his constitutional rights. The rape and pandering offenses on which petitioner was convicted occurred in 2001 and 2002. Petitioner was resentenced on these convictions in 2006 under Ohio's sentencing statute as modified by the Supreme Court of Ohio's decision in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, *cert. denied,* 127 S.Ct. 442 (2006). Petitioner contends

that application of the *Foster* remedy to his resentencing is unconstitutional because the revised statutes' statutory maximum sentences are significantly higher than those that were in effect during the time periods in which the alleged crimes occurred in violation of the Ex Post Facto and Due Process Clauses of the United States Constitution. For the reasons that follow, the undersigned disagrees and recommends the habeas petition be denied.

In *State v. Foster*, the Supreme Court of Ohio held that several provisions of Ohio's felony sentencing statute were unconstitutional pursuant to the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely,* the Supreme Court determined that an enhanced sentence imposed by a judge under a state's sentencing statute, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment right to trial by jury under the United States Constitution. The Supreme Court in *Blakely* reaffirmed its holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000): "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely,* 542 U.S. at 301 (quoting *Apprendi*, 530 U.S. at 490). Importantly, the *Blakely* Court clarified that "the 'statutory maximum' . . . is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 303 (emphasis in the original). "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id.* at 303-304.

The reasoning of *Blakely* was extended by the Supreme Court to the United States Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sixth Amendment as construed in *Blakely* applied to the Federal Sentencing guidelines and thus any fact

(other than a prior conviction) that increases a defendant's sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt. *See Booker*, 543 U.S. at 244. The *Booker* Court held that the Sentencing Guidelines were unconstitutional insofar as they mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. *Id.* at 243-44. To remedy the Sixth Amendment violation, the Supreme Court severed two sections of the Sentencing Reform Act, effectively making the Sentencing Guidelines advisory. *See id.* at 244-264 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)).

On February 27, 2006, the Supreme Court of Ohio in *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), held that certain provisions of Ohio's sentencing statute were unconstitutional under *Blakely* because they mandated additional judicial fact-finding before the imposition of (1) more than the minimum term for those who have never served a prison term; (2) the maximum prison term; (3) consecutive prison terms; and (4) repeat-violent-offender and major-drug-offender penalty enhancements. *See id.* at 19-25, 845 N.E.2d at 490-94. Noting that the "overriding goals of Ohio's sentencing scheme are to protect the public and punish the offender," and that the Ohio legislature "delegated the role of determining the applicability of sentencing factors to judges rather than to juries to meet these overriding goals," the Supreme Court of Ohio determined as in *Booker* that the proper remedy was to sever the *Blakely*-offending portions of the statutes and grant trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *Id.* at 25-30, 845 N.E.2d at 494-98. Following the severance of the unconstitutional portions, the resulting Ohio sentencing statutes eliminated the presumptions in favor of minimum and concurrent sentences and permitted courts to sentence a defendant to any term within a crime's sentencing range or to consecutive sentences without making findings of fact.

When petitioner was indicted in 2004, Ohio's sentencing statute, Ohio Rev. Code § 2929.14(B), required a judicial finding "that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others" to justify the imposition of more than the minimum sentence. Under Ohio Rev. Code § 2929.14(C), the maximum prison term could be imposed upon offenders who, inter alia, "committed the worst forms of the offense" or "pose the greatest likelihood of committing future crimes." The statute also permitted the imposition of consecutive sentences if "necessary to protect the public from future crime or to punish the offender" as long as additional findings enumerated in the statute were met. *See* Ohio Rev. Code § 2929.14(E)(4).

When petitioner was resentenced in July 2006 under the new *Foster* sentencing scheme, the trial judge had full discretion to impose any prison sentence within the statutory range for any reason or no reason, without having to make findings for imposing more than minimum, maximum, or consecutive sentences on petitioner. *Foster,* 109 Ohio St.3d at 25-30, 845 N.E.2d at 494-98; *see also Minor v. Wilson,* 213 Fed. Appx. 450, 453 n.1 (6th Cir. 2007). The State was under no burden "to prove *anything* before the court could select any sentence within the appropriate sentencing range." *Wentling v. Moore*, 2008 WL 2778510, *8 (N.D. Ohio July 14, 2008) (emphasis in the original).

Petitioner's felony one convictions for rape subjected him to a sentence between three and ten years on each count. *See* Ohio Rev. Code § 2929.14(A)(1). Petitioner was sentenced to a term of imprisonment of ten years on each count. The pandering sexually oriented matter involving a minor convictions were felonies of the second degree and subjected petitioner to a sentence between two and eight years. *See* Ohio Rev. Code § 2929.14(A)(2). Petitioner was sentenced to a term of

five years on each pandering offense. The trial judge's sentence on each offense was within the statutory range, did not exceed the maximum sentence permitted by the range, and therefore did not violate *Blakely*.

Petitioner nonetheless argues that the application of the *Foster* sentencing scheme had an impermissible *ex post facto* effect on his sentences. As explained above, pursuant to *Foster*, the sentencing court may impose non-minimum, maximum, and consecutive terms of imprisonment in its discretion without making any findings of fact. 109 Ohio St.3d at 30, 845 N.E.2d 498. Petitioner contends that since the indictment was issued in 2004, prior to the *Foster* decision, he was entitled to be sentenced under the pre-*Foster* sentencing scheme in existence at the time he committed his offenses in 2001 and 2002 which, under *Blakely*, meant that the "maximum" sentence that he could receive was three years on the felony one offenses and two years on the felony two offenses with the sentences to run concurrently. Petitioner argues that *Foster* resulted in the increase of his sentence from the presumptive concurrent, minimum sentences of three years and two years on the respective felony one and felony two counts without specific findings of fact and constitutes the infliction of a greater punishment than the law allowed for the crimes when they were committed.

Under the Ex Post Facto Clause of the United States Constitution, a state is prohibited from passing a law that (1) " makes an action done before the passing of the law, and which was innocent when done, criminal;" (2) "aggravates a crime, or makes it greater than it was, when committed;" (3) "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed;" and (4) "alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender." *Rogers v. Tennessee,* 532 U.S. 451, 456 (2001) (quoting *Calder v. Bull,* 3 U.S. 386, 390

(1798) (Chase, J.)); *see also* U.S. Constit. Art. I, § 10. Ex Post Facto Clause concerns are not triggered in the case-at-hand because "by its very text [the clause] applies only to a limitation on the powers of the legislature and not to judicial decisions." *McGhee v. Konteh,* No. 1:07cv1408, 2008 WL 320763, at *10 (N.D. Ohio Feb. 1, 2008) (unpublished); *see also Rogers,* 532 U.S. at 456, 460 (refusing to extend the strictures of the Ex Post Facto Clause to judicial decisions "through the rubric of due process").

Nevertheless, the Fourteenth Amendment's Due Process Clause does limit *ex post facto* judicial decision-making. *Rogers,* 532 U.S. at 456. Although the Due Process Clause does not incorporate the specific prohibitions of the Ex Post Facto Clause, retroactive judicial decision-making must comport with "core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Id.* at 459 (citing *Bouie v. City of Columbia,* 378 U.S. 347, 351, 352, 354-55 (1964)); *see also United States v. Barton,* 455 F.3d 649, 654 (6th Cir.) ("when addressing *ex post facto*-type due process concerns, questions of notice, foreseeability, and fair warning are paramount"), *cert. denied,* 127 S.Ct. 748 (2006).

Here, petitioner is unable to prevail on any claim that he lacked sufficient notice or "fair warning," because *Blakely, Booker,* and *Foster* did not change the elements necessary to convict petitioner of the rape and pandering charges, and petitioner was aware of the potential penalties he faced on such charges both before and after *Foster. See McGhee, supra,* 2008 WL 320763, at *11. In 2001 and 2002, when petitioner's crimes were committed, the then-applicable provisions of Ohio's sentencing statute provided sufficient notice to petitioner that the trial court had discretion to impose non-minimum, maximum, and consecutive sentences as long as the court made certain

findings consistent with Ohio Rev. Code §§ 2929.14(B), (C) and (E)(4). In other words, petitioner was on notice that he faced somewhere between three and ten years for the commission of a first degree felony and between two years and eight years for the commission of a second degree felony so long as the sentencing judge made the requisite findings. Similarly, post-*Foster*, petitioner knew that the trial court retained the discretion to impose sentences within the statutory range of three to ten years and two to eight years respectively. Therefore, both before and after *Foster*, petitioner was on notice and thus had "fair warning" of the potential penalties he faced and of the trial court's discretion to impose those penalties. As one Ohio district court reasoned in rejecting an Ohio prisoner's *ex post facto*-type due process claim challenging his re-sentencing under *Foster* to the same maximum prison term that had been imposed pre-*Foster*:

> Prior to *Foster*, the trial court made additional findings of fact consistent with Ohio Revised Code § 2929.14(C) and sentenced Petitioner to the maximum sentence available under Ohio Revised Code § 2929.14(A)(1): ten years. Under constitutional law as Ohio courts interpreted it at the time, Petitioner was not entitled to . . . proof beyond a reasonable doubt as to the additional findings of fact required by Ohio Revised Code § 2929.14(C).
>
> Now, Petitioner alleges that his due process rights were violated because he has a right to . . . proof beyond a reasonable doubt under the new law arising from *Foster*. After *Foster*, the elements of the crime for which Petitioner was charged were unaffected. . . . Further, Petitioner's claim of a right to . . . trial by jury regarding sentencing factors lacks merit because, following *Foster*, the trial judge maintains discretion under Ohio Revised Code § 2929.14(A)(1) to impose a sentence in the range of three to ten years for a first degree felony based upon facts admitted by the defendant or found by a jury. Therefore, the statutory maximum for *Apprendi* purposes is ten years, as Petitioner believed it was before *Foster*.
>
> Since the *Foster* decision does not change the elements necessary to convict Petitioner or the potential maximum sentence that Petitioner faced for a first degree felony, *Foster* does not raise an *ex post facto*-type due process violation. Moreover, the trial judge's application of *Foster* to Petitioner's case did not violate *Apprendi* because he did not sentence Petitioner beyond the statutory maximum.

*McGhee, supra,* 2008 WL 320763, at *11.

The undersigned notes that the *ex post facto* claim asserted by petitioner has been thoroughly discussed and uniformly rejected by this Court and other federal district and state courts in Ohio. *See Wright v. Lazaroff,* 643 F. Supp.2d 971, 1003-1005 (S.D. Ohio 2009) (Barrett, J.; Hogan, M.J.) (and cases cited and quoted therein); *Smith v. Brunsman,* 626 F. Supp.2d 786, 793-795 (S.D. Ohio 2009) (Barrett, J.; Black, M.J.); *Kelley v. Brunsman,* 625 F. Supp.2d 586, 606-608 (S.D. Ohio 2009) (Spiegel, J.; Hogan, M.J.). [2] *See also Hooks v. Sheets,* No. 1:07cv520, 2008 WL 4533693, at *3-5, *13-19 (S.D. Ohio Oct. 3, 2008) (Beckwith, J.; Hogan, M.J.) (unpublished) (and cases cited therein).

The same reasoning contained in these decisions rejecting *ex post facto* challenges to *Foster* applies to the case-at-hand. *Foster* did not change the elements of the crimes of which petitioner was convicted and petitioner had fair warning that he faced the same penalty ranges in the sentences for those offenses both before *Foster* (when he committed the offenses) and after *Foster*. *Cf. McGhee v. Konteh,* No. 1:07cv1408, 2008 WL 320763, at *11 (N.D. Ohio Feb. 1, 2008)

---

[2] *See also Rettig v. Jefferys,* 557 F. Supp.2d 830, 841 (N.D. Ohio 2008) (Polster, J.; McHargh, M.J.) (citing Ohio cases "uniformly reject[ing] *ex post facto* challenges to the *Foster* decision"); *Smith v. Welch,* No. 3:08cv2917, 2009 WL 2167863, at *1-3, *13-16 (N.D. Ohio July 17, 2009) (Economus, J.; Vecchiarelli, M.J.) (unpublished); *Schaub v. Brunsman,* No. 1:08cv2522, 2009 WL 2143746 (N.D. Ohio July 16, 2009) (Boyko, J.; Perelman, M.J.) (unpublished); *Mason v. Brunsman,* No. 1:07cv1020, 2009 WL 2169035, at *8-9, *34-37 (S.D. Ohio July 16, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished); *Clagg v. Wolfe,* No. 2:08cv144, 2009 WL 1424427, at *1-6 (S.D. Ohio May 20, 2009) (Sargus, J.) (unpublished); *Pena v. Cooper,* No. 2:08cv195, 2009 WL 1324046, at *1, *16-19 (S.D. Ohio May 12, 2009) (Smith, J.; Abel, M.J.) (unpublished); *Newman v. Wilson,* No. 5:08cv483, 2009 WL 1212262, at *1, *11-12 (N.D. Ohio Apr. 30, 2009) (Oliver, J.; Perelman, M.J.) (unpublished) (and cases cited therein); *Trewartha v. Brunsman,* No. 2:07cv981, 2009 WL 614963, at *1, *10-13 (S.D. Ohio Mar. 5, 2009) (Holschuh, J.; Abel, M.J.) (unpublished); *Haning v. Wolfe,* No. 2:07cv1093, 2009 WL 541156, at *1, *3-5 (S.D. Ohio Feb. 27, 2009) (Watson, J.; Abel, M.J.) (unpublished) (and cases cited therein). *Cf. Turner v. Warden, Noble Corr. Inst.,* No. 1:08cv309, 2009 WL 866841, at *2, *9 (S.D. Ohio Mar. 31, 2009) (Spiegel, S.J.; Black, M.J.) (unpublished) (although the court held that *Foster* did not apply to the petitioner's sentence, it noted that "both the federal courts and Ohio courts have rejected *ex post facto* challenges to the *Foster* decision"); *Collins v. Warden, Chillicothe Corr. Inst.,* No. 3:06cv256, 2008 WL 728390, at *1, *8-9 (S.D. Ohio Mar. 17, 2008) (Rice, J.; Merz, M.J.) (unpublished) (holding that "[w]hile Petitioner's original sentence violated *Blakely,* his new sentence [under the *Booker* remedy adopted in *Foster*] did not," and that "[n]othing in the United States Constitution calls such a sentence into question").

(unpublished). *See also Garrett v. Warden*, No. 3:09-cv-058, 2009 WL 1416047, at *4 (S.D. Ohio May 19, 2009) (Merz, M.J.) (holding petitioner has no "reliance interest" in pre-*Foster* sentencing law).[3] Thus, petitioner was not deprived of his due process rights when the trial court resentenced him to non-minimum, maximum and consecutive sentences.

Petitioner also challenges the severance remedy in *Foster* as not analogous to that in *Booker*. In *Booker*, only a limited portion of the federal sentencing statute was severed while maintaining significant parts of the statute to effect Congressional intent. *Booker* also preserved appellate review of the reasonableness of the sentence. Petitioner contends that in contrast, the *Foster* remedy cut a large portion of Ohio's sentencing statutes thereby eliminating the legislative goals of uniformity and proportionality in Ohio's sentencing scheme, as well as the ability of an appellate court to effectively review a sentence. (Doc. 13 at 10-11).

While the severance schemes in *Booker* and *Foster* are not identical, the *Foster* scheme does not violate the constitution. In rejecting this same argument, the district court in *Smathers v. Duffy*, No. 3:09cv160, 2009 WL 3698414 (N.D. Ohio Nov. 2, 2009) reasoned:

> First, the Ohio Supreme Court determined that the remedy fashioned in *Foster* preserved the intent of the Ohio legislature. *Foster*, 109 Ohio St.3d at 26, 28-30, 845 N.E.2d at 494-95, 497-99. This is a matter of state law, and this court is without authority to find that the Ohio Supreme Court erred in its statement of Ohio law. Second, there is no federal constitutional right to an appeal. *Abney v. United States*, 431 U.S. 651 (1977); *Hollin v. Sowders*, 710 F.2d 264, 267 (6th Cir. 1983); *Horton v. Bomar*, 335 F.2d 583, 584 (6th Cir. 1964). Even if an appeal were entirely foreclosed by the decision in *Foster*, this would not necessarily offend the United States Constitution. [Petitioner] cites no holding of the Supreme Court that such a

---

[3]*Miller v. Florida*, 482 U.S. 423 (1987), relied on by petitioner, is inapposite because that case involved revisions in the state's sentencing guidelines that increased the defendant's presumptive sentence range. *See Miller*, 482 U.S. at 427, 432-33. In contrast, *Foster* did not effect any change in the penalty that petitioner faced. As noted by the *Garrett* Court, "[T]he revised sentencing guidelines in *Miller* were a legislative act, not a judicial act" thus triggering "the more expansive protections against retroactivity of the *Ex Post Facto* Clause, rather than the more limited due process protections." *Garrett*, 2009 WL 1416047, at *4.

> result is, in fact, unconstitutional. As [petitioner] does not demonstrate that her sentence is contrary to a holding of the United States Supreme Court, she does not demonstrate that she is entitled to habeas relief.

*Smathers,* 2009 WL 3698414, at * 11. *See also Garrett,* 2009 WL 1416047, at *5. *In accord Torres v. Beightler,* No. 1:09cv191, 2009 WL 2705880, at *10 (N.D. Ohio Aug. 27, 2009).

Finally, petitioner argues the Supreme Court of Ohio in *Foster* "severed a constitutional presumption" when it eliminated the need for judicial fact-finding before the imposition of consecutive sentences, citing *Oregon v. Ice,* 129 S.Ct. 711 (2009). In *Ice,* the Supreme Court held that judicial fact-finding resulting in the imposition of consecutive sentences does not violate the Sixth Amendment right to trial by jury "in light of historical practice and the authority of States over administration of their criminal justice systems." *Id.* at 714-15. As the Supreme Court explained, the imposition of consecutive or concurrent sentences is not traditionally within the exclusive province of the jury and therefore *Apprendi* and *Blakely* should not be extended to invalidate statutes which assign to judges fact-finding necessary to impose consecutive sentences. *Id.* at 716-20. Since consecutive sentencing decisions do not trigger Sixth Amendment *Blakely* concerns, neither judicial fact-finding nor the lack of such findings violate clearly established federal law. Moreover, while petitioner contends he is entitled to a pre-*Foster* "presumption of minimum, concurrent sentencing" (Doc. 13 at 10), he fails to explain why he could not be sentenced to consecutive sentences under the pre-*Foster* statutory scheme which clearly allowed such sentences as long as the trial judge made findings consistent with Ohio Rev. Code § 2929.14(E)(4). Petitioner's sole ground for relief is without merit and should be denied.

**IT IS THEREFORE RECOMMENDED:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) should be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on the claims alleged therein. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 12/24/09

Timothy S. Black
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DANIEL OSTENKAMP,
    Petitioner,

vs.

TIM BRUNSMAN, WARDEN,
    Respondent.

Civil Action No. 1:08-cv-902

Spiegel, J.
Black, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation **within 14 days** after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed **within 14 days** after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).