```
                 UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

DANIEL OSTENKAMP,                :    NO. 1:08-CV-00902
                                 :
       Petitioner,               :
                                 :
            v.                   :    **OPINION AND ORDER**
                                 :
TIM BRUNSMAN, WARDEN             :
                                 :
       Respondent.               :
                                 :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 14), and Petitioner's Objections (doc. 15). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety and DENIES Petitioner's Petition for Writ of Habeas Corpus.

**I. Background & the Magistrate Judge's Report and Recommendation**

The procedural background of this case is detailed in the Magistrate Judge's Report and Recommendation and the Court will not reiterate it here. In short, Petitioner pleaded guilty in Ohio to eight counts of rape of a minor and eleven counts of pandering sexually oriented material involving a juvenile and was sentenced to ten years' incarceration of each rape count and five years' incarceration on each pandering count, all to run consecutively (doc. 14). After a series of appeals, on remand by the Ohio Supreme Court for resentencing under State v. Foster, 845 N.E.2d 470 (Ohio 2006), the court resentenced Petitioner to the same

sentence originally imposed (Id.). After exhausting his state appeals, Petitioner filed the instant habeas petition, claiming that the remedy set forth in Foster violates the Ex Post Facto and Due Process clauses of the United States Constitution (Id.). Specifically, he claims that the offenses for which he was convicted occurred in 2001 and 2002, and he was resentenced on these convictions in 2006 under Ohio's sentencing scheme as modified by Foster (Id.). This, he argues, violates both the Ex Post Facto and the Due Process clauses because the revised sentencing statutes provide for maximum sentences that are significantly higher than those that were in effect during the time he committed the crimes (Id.).

After undertaking a thorough analysis of the Foster decision, the Magistrate Judge found Petitioner's ground for relief to be without merit (Id.). Foster, the Magistrate Judge noted, held that certain provisions of Ohio's sentencing scheme were unconstitutional, and the Ohio Supreme Court severed those portions (Id., citing Foster, 845 N.E.2d at 490-98; Blakely v. Washington, 542 U.S. 296 (2004)). After the severance of the offending provisions, sentencing courts were permitted to sentence a defendant to any term within the sentencing range or to consecutive sentences without having to make findings of fact; thus, the presumption in favor of minimum and concurrent sentences that had been in place prior to Foster was eliminated (Id.).

The Magistrate Judge observed that Petitioner's sentence of ten years on each rape count and five on each pandering count, to be served consecutively, was within the statutory sentencing range, did not exceed the maximum permitted by statute, was therefore consistent with the post-Foster scheme and did not offend the Constitution (Id.). With respect to Petitioner's Ex Post Facto argument, the Magistrate Judge noted that the clause is not implicated by this case because the clause applies only to acts of the legislature not to judicial decisions (Id., citing U.S. Const. Art. I, § 10; Rogers v. Tennessee, 532 U.S. 451, 456 (2001)).

However, the Magistrate Judge also noted that the Due Process Clause does limit judicial decision-making (Id., citing Rogers, 532 U.S. at 456). Specifically, "retroactive judicial decision-making must comport with 'core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct'" (Id.). Here, the Magistrate Judge found that Petitioner cannot legitimately claim that he did not have sufficient notice or "fair warning" because Foster did not change the elements necessary for his convictions (Id.). Nor can Petitioner claim that he was not aware of the potential penalties he faced with those convictions because before Foster, the court had the discretion to impose non-minimum, maximum and consecutive sentences as long as it made certain findings, so Petitioner was on notice that he faced

3

somewhere between three and ten years for the rape charges and between two and eight years for the pandering charges (Id.). Foster did not change the maximum statutory penalties that were in place at the time Petitioner committed his crimes. Therefore, the Magistrate Judge found that Petitioner was on notice and had fair warning as to the potential penalties he faced when he committed his crimes (Id.).

The Magistrate Judge also noted that Petitioner claims, essentially, that the Foster decision itself is unconstitutional because the severance remedy employed by the Ohio Supreme Court was not analogous to the severance remedy employed by the United States Supreme Court in United States v. Booker, 543 U.S. 220 (2005) (Id.). Specifically, Petitioner contends that the Foster severance, unlike the Booker severance, cut a large portion of the sentencing statutes, which, he contends, eliminated both the legislative goals of uniformity and proportionality in sentencing and the ability of appellate courts to effectively review sentences (Id.). Citing to a case from the Northern District of Ohio, the Magistrate Judge found this argument unpersuasive (Id., quoting Smathers v. Duffy, No. 3:09cv160, 2009 WL 3698414 (N.D. Ohio Nov. 2, 2009)).

Finding no merit to Petitioner's claim, the Magistrate Judge recommended that this Court deny the petition with prejudice, not issue a certificate of appealability, certify that an appeal would not be taken in good faith, and deny Petitioner leave to

4

appeal in forma pauperis (Id.).

**II. Petitioner's Objections**

Petitioner's objections are essentially reiterations of the arguments presented in his petition.  Specifically, Petitioner argues that because pre-Foster he was "entitled to receive minimum, concurrent prison terms," his post-Foster's sentence violates the Due Process Clause and ex post facto principles (doc. 15).  To support this argument, Petitioner cites generally to Blakely, Rogers, and various sections of the Ohio Revised Code (Id.).

Petitioner also reiterates his position that Foster is unconstitutional because its severance remedy was not analogous to that used in Booker (Id.).  Specifically, he contends that Booker left intact "the majority of the federal sentencing statute...in order to insure that the intent of the statute was preserved" but Foster eliminated the presumption of a minimum, concurrent sentence, the court's duty to explain its reasoning, the ability of the appellate courts to review the sentence, and any chance of accomplishing the legislative sentencing goals (Id.).

**III. Discussion**

The Court is under no obligation to review de novo objections that are merely perfunctory or an attempt to engage the Court in a rehashing of the same arguments set forth in the original petition.  See, e.g., Edwards v. Fischer, 414 F.Supp.2d 342, 346-47 (S.D. Ny. 2006).  In such cases, as here, the Court

5

need only satisfy itself that there is no clear error on the face of the record in order to accept the Magistrate Judge's recommendation. See Advisory Committee Notes to Fed. R. Civ. P. 72; Thomas v. Arn, 474 U.S. 140, 150(1985)("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

The Court finds no clear error in the Magistrate Judge's Report and Recommendation. On the contrary, the Court finds it well-reasoned, thorough and correct. Indeed, it easily withstands even a de novo review. The elements of the crimes for which Petitioner was convicted were not changed by Foster. Neither did Foster change the maximum potential penalty Petitioner faced. Instead, Foster merely allowed the trial court to use its discretion to sentence Petitioner to anything within, but not beyond, the statutory range. Such a scheme in no way violates the Constitution, and Petitioner has cited nothing holding otherwise. Indeed, case law overwhelmingly supports the Magistrate Judge's recommendation. See, e.g., Wright v. Lazaroff, 643 F.Supp.2d 971 (S.D. Ohio 2009); Smith v. Brunsman, 626 F.Supp.2d 786 (S.D. Ohio 2009).

With respect to the argument that Foster itself is unconstitutional because its severance scheme was not analogous to that used in Booker, the Court again finds that the Magistrate Judge's analysis is correct. While it is true that the severance

schemes are not identical, that in no way necessarily means that Foster's scheme is unconstitutional. Essentially, Petitioner's position boils down to the following: Booker's scheme is constitutional; Foster's scheme is not the same as Booker's; therefore Foster's scheme is unconstitutional. Such a syllogism is terribly flawed, and Petitioner offers nothing to support the leap he asks the Court to take. The particular differences noted by Petitioner simply do not rise to the level of a constitutional violation. As the Magistrate Judge noted, this Court has no authority to determine that the Ohio Supreme Court erred in its own interpretation of Ohio law, as it did in Foster. And, as noted, the United States Constitution does not guarantee a right to appeal so, even if Foster did effectively restrict the ability of appellate courts to review sentences, such an outcome would not offend the Constitution. Absent a violation of the United States Constitution, of course, Petitioner is not entitled to habeas relief.

## IV. Conclusion

Having reviewed this matter thoroughly, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned and correct. Out of an abundance of caution, the Court has engaged in a de novo review of Petitioner's objections and agrees with the Magistrate Judge's conclusions. For the aforementioned reasons, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and

Recommendation (doc. 14), and DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 1). The Court also DECLINES to issue a certificate of appealability, because Petitioner has failed to make a substantial showing of the denial of a constitutional right and the issues presented are not adequate to deserve encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); 28 U.S.C. § 2253(c), Fed. R. App. P. 22(b). Finally, pursuant to 28 U.S.C. §1915(a)(3), this Court CERTIFIES that any appeal of this order will not be taken in good faith, and any application to appeal in forma pauperis will be DENIED.

SO ORDERED.

Dated: August 17, 2010 /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge